UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THADDEUS JOSEPH BEAULIEU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 22 C 7306 |
| | ) | |
| NATIONAL MOBILITY ELDERCARE, INC., | ) | Judge Charles P. Kocoras |
| | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant National Mobility Eldercare, Inc.'s ("Envoy") Motion to Dismiss or Transfer [6] is granted in part. The Clerk is directed to transfer this action to the United States District Court for the District of Arizona. Civil case terminated.

## STATEMENT

This case arises out of a contract between Plaintiff Thaddeus Beaulieu and Envoy. Envoy provides companionship transportation services to older adults and individuals with health conditions and impairments. Specifically, it provides an online platform through which such individuals can submit requests for help from assistants called "Companions" (also known as "Driver Companions"). Users submit requests for assistance through Envoy's online portal or mobile application and the Companions, in turn, log into the portal or a separate Driver Companion Application ("App") to view and accept those requests.

Companions are not employed by Envoy; they are independent contractors who are given access to Envoy's web-based platform for the purpose of accepting and fulfilling user requests. Plaintiff signed an independent contractor agreement with Envoy in March 2020. Envoy terminated the agreement in May 2020. In a sprawling, 40-page amended complaint in which he seeks millions in compensatory and punitive damages, Plaintiff, proceeding *pro se*, brings claims against Envoy for negligent misrepresentation, fraudulent misrepresentation, and breach of contract.

The following facts come from the amended complaint and are assumed true for the purpose of this Motion. *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013). All reasonable inferences are drawn in Plaintiff's favor. *League of Women Voters of Chi. v. City of Chi.*, 757 F.3d 722, 724 (7th Cir. 2014).

Plaintiff began the application process to become a Driver Companion with Envoy in February 2020. After receiving a message on March 19, 2020, that he completed the application process, on March 22, 2020, Plaintiff signed the Technology Services Agreement ("TSA").[1] Pertinent to the instant motion, the TSA provides that interpretation of the agreement will be governed by Arizona law, without regard to the choice or conflicts of law provisions of any jurisdiction. "Any disputes, actions, claims or causes of action arising out of or in connection with" the TSA are subject to "the

---

[1] Envoy attached a full copy of the executed TSA to their motion to dismiss, which the Court may consider in resolving this matter. *See, e.g., Dean v. Nat'l Prod. Workers Union Severance Tr. Plan*, 46 F.4th 535, 543 (7th Cir. 2022) ("A district court may consider documents attached to a motion to dismiss if the documents are referenced in the . . . complaint and are central to the claim.").

2

exclusive jurisdiction of the state and federal courts located in the City and County of Phoenix, Maricopa County, Arizona." Dkt. # 7-1, § 15.1.

Plaintiff alleges that after signing the TSA, he began watching a series of online videos as part of Envoy's mandatory training. Plaintiff says Envoy informed him that he could review the videos at his "leisure," but in watching the videos, Plaintiff learned there were actually time restraints on viewing the videos. Plaintiff claims Envoy soon began "harass[ing]" Plaintiff to complete his training and, "in doing so, acted as an employer to the Plaintiff instead of a business partner," thereby breaching the TSA. Dkt. # 1-1, at 7.

Plaintiff alleges he completed the online training on May 13, 2020 and was prepared to begin driving but made a decision "to follow the Illinois Governor's Stay at Home orders and not drive because of the lack of protection concerning Covid-19." *Id*. This caused conflict with Envoy and Envoy terminated the TSA in May 2020.

Plaintiff alleges Envoy negligently misrepresented that he would be an independent contractor even though it knew it would treat Plaintiff as an employee. Plaintiff further alleges that Envoy made fraudulent, contradictory statements about whether or not Plaintiff completed the application process.

Envoy moves to dismiss Plaintiff's amended complaint under Federal Rule of Civil Procedure 12(b)(6) or, alternatively, to transfer this action to the United States District Court for the District Court of Arizona under 28 U.S.C. § 1404(a) because the

TSA contains a forum-selection clause. We begin and end our discussion with the motion to transfer.

A forum selection clause "may be enforced through a motion to transfer under [Section] 1404(a)." *Atl. Marine Constr. Co. v. U.S. Dis.t Court for W. Dist. of Tex.*, 571 U.S. 49, 59 (2013). The TSA provides:

> Any disputes, actions, claims, or causes of action arising out of or in connection with this Agreement or the Envoy America Services that are not subject to the arbitration clause . . . shall be subject to the exclusive jurisdiction of the state and federal courts located in the City and County of Phoenix, Maricopa County, Arizona.

Dkt. # 7-1, § 15.1.

Under Section 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). To determine whether transfer will serve the convenience of the parties and witnesses, and promote the interests of justice, courts must examine both the private and the public interests at stake. *Nalco Co. v. Env't. Mgmt. Inc.*, 694 F. Supp. 2d 994, 998 (N.D. Ill. 2010). In determining whether the transfer would be in the "interest of justice," a court may consider several factors, including "docket congestion and likely speed to trial in the transferor and potential transferee forums," "each court's relative familiarity with the relevant law," "the respective desirability of resolving controversies in each locale," and "the relationship of each community to the controversy." *Rsch. Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 873, 978 (7th Cir. 2010). These

4

considerations, however, will "rarely" outweigh the parties' private interests in enforcing a forum-selection provision. *Atl. Marine*, 571 U.S. at 64.

The presence of a forum-selection clause changes a court's Section 1404(a) analysis in a few ways. If a valid forum-selection clause governs the dispute, the clause "[should be] given controlling weight in all but the most exceptional cases," "the plaintiff's choice of forum merits no weight," and "the party defying the forum-selection clause . . . bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id.* at 63–64 (internal quotation marks omitted). In such a situation, a court may not consider arguments about the parties' private interests because "[w]hen parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient." *Id.* at 64.

Envoy argues that the public interest factors support transfer to Arizona. Envoy notes that docket congestion in the District of Arizona is on average lighter than it is in the Northern District of Illinois, and the remaining factors are neutral: both district courts are equally capable of applying the governing law; and while Plaintiff is located in this district, Envoy maintains its principal place of business in Arizona, such that each locale has an equal relationship to and interest in resolving this controversy.

Plaintiff does not argue the forum selection clause in the TSA is invalid, unenforceable, or inapplicable to his claims. Plaintiff's only arguments against transfer are: (1) it would not be convenient for Plaintiff, "seeing that the Defendant has already stated that the Plaintiff may have to replead his case under the laws of the state of

5

Arizona, which would be a huge inconvenience for the Plaintiff and could jeopardize a favorable outcome of the case (for the Plaintiff)"; and (2) it would "definitely not be in the interest of justice to allow the defendant to Breach the contract and violate Illinois laws dealing with classification of employees, yet still be allowed to have portions of the contract stand in their favor as it pertains to venue." Dkt. # 17, at 5.

Because the TSA's forum selection clause precludes the Court from considering the private interest factors and the public interest factors are "rarely" strong enough to override parties' preselected forum, and because Plaintiff has not demonstrated[2] that this is the kind of "exceptional case" that would justify giving the agreed upon forum-selection clause anything less than controlling weight, the Court grants Envoy's motion to transfer.

## **CONCLUSION**

For the foregoing reasons, the Court grants Envoy's Motion to Dismiss or Transfer [6] in part. The Clerk is directed to transfer this action to the United States District Court for the District of Arizona. Civil case terminated.

It is so ordered.

Dated: February 22, 2023

_____
Charles P. Kocoras
United States District Judge

---

[2] It is not the Court's job construct Plaintiff's arguments for him. Plaintiff is *pro se*, but "even pro se litigants . . . must expect to file a legal argument and some supporting authority" because "[a] litigant who fails to press a point by supporting it with pertinent authority or by showing why it is sound despite a lack of supporting authority forfeits the point." *Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir. 1998) (cleaned up).